PERKINS COIE LLP
Alisha C. Burgin, Bar No. 286269
ABurgin@perkinscoie.com
1888 Century Park East, Suite 1700
Los Angeles, California 90067-1721
Telephone: 310.788.9900
Facsimile: 310.788.3399

Nicola C. Menaldo (*pro hac vice application forthcoming*)
NMenaldo@perkinscoie.com
Anna Mouw Thompson (*pro hac vice application forthcoming*)
AnnaThompson@perkinscoie.com
1301 Second Avenue, Suite 4200
Seattle, Washington 98101-3804
Telephone: 206.359.8000
Facsimile: 206.359.9000

Attorneys for Defendant Triple Lift, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHARON MANIER, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>TRIPLE LIFT, INC.,<br><br>Defendant. | Case No. 5:25-cv-3223<br><br>DEFENDANT TRIPLE LIFT, INC.'S NOTICE OF REMOVAL<br><br>[Removed from Superior Court of the State of California, County of Riverside, Case No. CVRI2505643]<br><br>Complaint Filed: November 25, 2025 |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT**:

PLEASE TAKE NOTICE that defendant Triple Lift, Inc. ("TripleLift") hereby removes this civil action from the Superior Court of the State of California, County of Riverside, to the United States District Court for the Central District of California pursuant to 28 U.S.C. §§ 1332(d), 1441(a), 1446 and 1453. TripleLift hereby provides a short and plain statement of the grounds for removal pursuant to 28 U.S.C. § 1446(a).

## BACKGROUND

1.      On November 25, 2025, Plaintiff Sharon Manier ("Plaintiff") filed an amended complaint for the first time naming Triple Lift, Inc. as a defendant in the civil action entitled *Sharon Manier, individually and on behalf of all others similarly situated v. Triple Lift, Inc.*, Case No. CVRI2505643, in the Superior Court of the State of California, County of Riverside. A true and correct copy of the amended complaint is attached as Exhibit A ("Complaint" or "Compl.").[1]

2.      The Complaint alleges that TripleLift is a registered "data broker and advertising technology company" that "tracks consumers across the internet" by participating in "real-time bidding" auctions and by deploying "tags, pixels, and persistent cookies through its advertising platform." *See, e.g.*, Compl. ¶¶ 2, 6. TripleLift allegedly engages in online tracking "to help its clients sell advertising space on their websites." *Id.* ¶ 10. According to the Complaint, "TripleLift gathers sensitive personal information without users' knowledge or consent, creating detailed profiles that it uses for commercial purposes." *Id.* ¶ 12.

3.      The Complaint asserts six causes of action: (1) violation of the California Invasion of Privacy Act (CIPA), California Penal Code section 631 (*id.* ¶¶ 47-56); (2) violation of California Penal Code section 638.51 (*id.* ¶¶ 57-62); (3) violation of the California Comprehensive Computer Data Access and Fraud

---

[1]      An earlier complaint named as a defendant an unrelated entity, Triple Lift Global Ltd. That entity is no longer named as a defendant in the action.

-2-

Act (CDAFA), California Penal Code section 502 (*id.* ¶¶ 63-69); (4) invasion of privacy in violation of Article I, section 1 of the California Constitution (*id.* ¶¶ 70-81); (5) violation of California's Unfair Competition Law, California Business & Professional Code section 17200 (*id.* ¶¶ 82-92); and (6) common law invasion of privacy and intrusion upon seclusion (*id.* ¶¶ 93-104).

4.    Plaintiff seeks to represent a proposed class of "[a]ll California residents who visited a website with TripleLift's surveillance technology, including bidder tags, tracking pixels, and RTB endpoint, or who otherwise had their personal information collected by TripleLift through its technology, during the Class Period." *Id.* ¶ 40.

5.    Plaintiff seeks "statutory damages, disgorgement of profits, punitive damages, costs, and attorneys' fees," as well as "[a]n injunction requiring Defendant to cease all unlawful activities." *Id.* at Prayer for Relief.

6.    TripleLift accepted service of the Complaint on December 1, 2025. *See* Ex. B (email confirmation). Other than the Complaint, no other process, pleadings, or orders have been served on TripleLift. *See* 28 U.S.C. § 1446(a).

## REMOVAL IS PROPER UNDER THE CLASS ACTION FAIRNESS ACT

7.    An action is removable if a federal court has original jurisdiction over the action. *See* 28 U.S.C. § 1441(a). The Class Action Fairness Act of 2005 ("CAFA") vests federal courts with original jurisdiction over putative class actions in which: (1) the aggregate number of members in the proposed class consists of at least 100 members; (2) the parties are minimally diverse, meaning "any member of a class of plaintiffs is a citizen of a State different from any defendant;" and (3) the aggregated amount in controversy "exceeds the sum or value of $5,000,000, exclusive of interests and costs." 28 U.S.C. § 1332(d)(2), (d)(5)(B). For the following reasons, these requirements are met.

### *The Proposed Class Consists of at Least 100 Members*

8.    CAFA defines "class action" as "any civil action filed under rule 23 of

the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B). The Complaint includes "Class Action Allegations," and Plaintiff brings claims on behalf "of herself and a Class of others similarly situated." Compl. ¶ 40. This action is thus a putative class action for purposes of CAFA.

9. The proposed class is comprised of more than 100 people. Plaintiff alleges that "hundreds of thousands, if not millions, of consumers . . . fall into the class definition." *See id.* ¶ 41; *see also id.* ¶ 4 ("Plaintiff brings this action on behalf of millions of Californians.").

***Minimal Diversity Exists***

10. Diversity under CAFA exists if "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A). A corporation is deemed to be a citizen of every state "by which it has been incorporated and . . . where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

11. Plaintiff alleges that she is a citizen of California. Compl. ¶ 5. And the putative class in this case is limited to California residents. *Id.* ¶ 40.

12. The Complaint alleges that Triplelift is "a New York corporation with its registered address at 53 W 23rd St. New York, NY 10010."[2] *Id.* ¶ 6.

13. Because all proposed class members are citizens of California, and TripleLift, the only named defendant, is not a citizen of California, CAFA's minimal diversity requirement is satisfied.

***The Amount in Controversy Exceeds $5,000,000***

14. To remove a case from state court, the defendant must plead only "a

---

[2] In fact, TripleLift is a Delaware corporation with a principal place of business in New York. Thus, for diversity jurisdiction purposes, TripleLift is a citizen of New York and Delaware. *See* 28 U.S.C. § 1332(c)(1).

short and plain statement of the grounds for removal" setting forth "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014); *Fritsch v. Swift Transportation Co. of Arizona, LLC*, 899 F.3d 785, 788 (9th Cir. 2018). This standard is satisfied when it is "facially apparent" from the complaint that the claims likely exceed $5,000,000. *See Dart Cherokee*, 574 U.S. at 89. Moreover, "[t]he amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability." *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010). The amount in controversy includes claims for monetary damages, restitution, penalties, attorneys' fees if recoverable by statute or contract, and punitive damages. *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 700 (9th Cir. 2007).

15.     Here, Plaintiff's Complaint plausibly alleges an amount in controversy in excess of $5,000,000, exclusive of interests and costs.

16.     Plaintiff seeks to represent a purported class of "millions of Californians." Compl. ¶ 105. And Plaintiff alleges that she and the "millions" of proposed class members are each entitled to $5,000 in statutory damages under California Penal Code section 673.2 for each violation of CIPA sections 631(a) and 638.51. *See id.* ¶¶ 56, 62. It is therefore "facially apparent" that the amount in controversy exceeds $5,000,000.

### None of CAFA's Exceptions Bar Removal

17.     This action does not fall within the exclusions to removal jurisdiction described in 28 U.S.C. §§ 1332(d)(4), (d)(9), or 28 U.S.C. § 1453(d).

18.     Section 1332(d)(4) provides that a district court shall not exercise CAFA jurisdiction over a class action in which, among other things: "greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed" and "at least 1 defendant is a defendant . . . who is a citizen of the State in which the action was

TRIPLELIFT'S NOTICE OF REMOVAL

originally filed." 28 U.S.C. § 1332(d)(4)(A); *see also* 28 U.S.C. § 1332(d)(4)(B) (similarly excluding cases where "two thirds or more of" the class members and "the primary defendants, are citizens of the State in which the action was originally filed"). This exception does not apply here because the sole defendant, TripleLift, is not a citizen of California. *See* Compl. ¶ 6.

19.     Sections 1332(d)(9) and 1453(d) exempt certain securities and corporate governance cases from CAFA's broad jurisdictional grant. *See* 28 U.S.C. §§ 1332(d)(9), 1453(d) (limiting § 1332(d)(2) to cases arising under several sections of the Securities Act of 1933, several sections of the Securities Exchange Act of 1934, and certain state corporate governance laws). Those exceptions do not apply here because Plaintiff's claims do not arise under the securities laws, nor do they involve state-centric corporate governance issues.

## PROCEDURAL STATEMENT

### *This Filing is Timely*

20.     TripleLift accepted service of the Complaint on December 1, 2025. *See* Ex. B (email confirmation). This Notice of Removal is therefore timely under 28 U.S.C. § 1446(b) because TripleLift filed it within 30 days after accepting service. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999) (30-day removal period triggered by formal service); *Destfino v. Reiswig*, 630 F.3d 952, 956 (9th Cir. 2011).

### *Venue of Removed Action*

21.     Venue properly lies in the United States District Court for the Central District of California, pursuant to 28 U.S.C. §§ 84(c) and 1441(a), because this "district and division embrac[es]" Riverside County, where the Complaint was initially filed.

### *Notice to State Court and Plaintiff*

22.     Pursuant to 28 U.S.C. § 1446(d), TripleLift is filing a copy of this Notice of Removal with the Superior Court of the State of California, County of

TRIPLELIFT'S NOTICE OF REMOVAL

Riverside, where this case was originally filed, and serving a copy of this Notice of Removal on Plaintiff.

### *Pleadings in the State Court*

23. In accordance with 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served upon TripleLift in this action are attached as Exhibit A.

### <u>NON-WAVIER OF DEFENSES</u>

24. TripleLift expressly reserves all its defenses. By removing the action to this Court, TripleLift does not waive any rights or defenses available under federal or state law. Nothing in this Notice of Removal should be taken as an admission that Plaintiff's allegations are sufficient to state a claim or have any substantive merit. In addition, TripleLift does not concede that Plaintiff states any claim upon which relief can be granted, or that Plaintiff or the putative class are entitled to any relief of any kind or nature. *See Lewis*, 627 F.3d at 400 ("The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability."); *LaCross v. Knight Transp. Inc.*, 775 F.3d 1200, 1203 (9th Cir. 2015) (plaintiffs should not "conflat[e] the amount in controversy with the amount of damages actually recoverable."). If any questions arise as to the propriety of the removal of this action, TripleLift respectfully requests the opportunity to submit additional papers and to present oral argument.

WHEREFORE, TripleLift hereby removes the above-entitled case to this Court.

Dated:  December 1, 2025

**PERKINS COIE LLP**

By: */s/ Alisha C. Burgin*

    Alisha C. Burgin, Bar No. 286269
    ABurgin@perkinscoie.com

Attorney for Defendant
Triple Lift, Inc.

-8-

## CERTIFICATE OF SERVICE

I, Ernesto Monne, declare:

I am a citizen of the United States and employed in Los Angeles County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 1888 Century Park E., Suite 1700, Los Angeles, California 90067-1721. On December 1, 2025, I served a copy of the within document(s):

        DEFENDANT TRIPLE LIFT, INC.'S NOTICE OF REMOVAL

☒    by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, the United States Mail at Los Angeles, California addressed as set forth below.

☒    by transmitting via my electronic service address (*EMonne@perkinscoie.com*) the document(s) listed above to the person(s) at the e-mail address(es) set forth below.

James C. Shah
Kolin C. Tang
MILLER SHAH LLP
8730 Wilshire Blvd., Suite 400
Los Angeles, CA 90211
Telephone: (866) 540-5505
Email: jcshah@millershah.com
      kctang@millershah.com

Kyle Shamberg
CARROLL SHAMBERG, LLC    Attorneys for Plaintiff Sharon
111 W. Washington St., Suite 1240    Manier and the Proposed Class
Chicago, IL 60602
kyle@csclassactions.com
Phone: (872) 215-6205

Don Bivens
DON BIVENS PLLC
15169 N. Scottsdale Rd., Suite 205
Scottsdale, AZ 85254
Telephone: (602) 762-2661
Email: don@donbivens.com

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on December 1, 2025, at Los Angeles, California.

_____
Ernesto Monne

-10-